UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Brian Courtmanche, et al.,<br><br>Plaintiffs<br><br>v.<br><br>Permian Resources Corp., et al.,<br><br>Defendants | Case No. 2:24-cv-00198-JAD-MDC<br><br>**Order Transferring Cases** |
| Laurie Olsen Santillo,<br><br>Plaintiff<br><br>v.<br><br>Permian Resources Corp., et al.,<br><br>Defendants | Case No. 2:24-cv-00279-APG-EJY |
| Richard Beaumont<br><br>Plaintiff<br><br>v.<br><br>Permian Resources Corp., et al.,<br><br>Defendants | Case No. 2:24-cv-00298-CDS-BNW |

Each of the above-captioned plaintiffs, in a proposed class action, bring claims arising from an alleged conspiracy among the largest U.S. shale oil producers to coordinate and constrain U.S. shale oil production. Plaintiffs filed a notice of related cases in each case. These cases are related to each other and to 2:24-cv-00103-GMN-MDC; 2:24-cv-00164-GMN-MDC; 2:24-cv-00150-GMN-MDC; 2:24-cv-00253-GMN-DJA.

Local Rule 42-1 provides that "[i]f a notice of related cases is filed, the assigned judges will determine whether the actions will be assigned to a single district judge or magistrate judge." LR 42-1(a). An action is considered related to another action when: (1) both actions involve the same parties and are based on the same or similar claim; (2) both actions involved the same property, transaction, or event; (3) both actions involve similar questions of fact and the same question of law, and their assignment to the same district judge or magistrate judge is likely to effect a substantial savings of judicial effort; (4) both actions involve the same patent, trademark, or copyright, and one of the factors identified in (1), (2), or (3) above is present; or (5) for any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges.

The court agrees with plaintiffs that these cases involve similar questions of law and fact. Indeed, the cases all assert substantially overlapping claims and all share a common question of law—whether the defendants engaged in a conspiracy to coordinate, and ultimately constrain, domestic shale oil production in violation of federal and state antitrust laws. The same defendants are named in all cases and the claims are made by related putative class members (consumers). Because the related actions involve similar questions of fact and law, and their assignment to the same district and magistrate judge is likely to result in a substantial savings of judicial effort, the court hereby transfers the subsequently-filed related actions to District Judge Gloria M. Navarro and Magistrate Judge Maximiliano D. Couvillier, III for all further proceedings.

## Conclusion

The Clerk of Court is therefore ordered to transfer and reassign Case Nos. 2:24-cv-00198-JAD-MDC, 2:24-cv-00279-APG-EJY, and 2:24-cv-00298-CDS-BNW to District Judge Gloria M. Navarro and Magistrate Judge Maximiliano D. Couvillier, III for all further proceedings.

Dated: February 22, 2024

_____      _____
Gloria M. Navarro                                              Jennifer A. Dorsey
United States District Judge                              United States District Judge

_____      _____
Andrew P. Gordon                                           Cristina D. Silva
United States District Judge                              United States District Judge